[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 13, 2011
JOHN LEY
CLERK

No. 10-14385
Non-Argument Calendar

_____

D.C. Docket No. 4:10-cr-00001-WTM-GRS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER ALLEN WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 13, 2011)

Before BARKETT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Christopher Allen Williams appeals his two concurrent 48-month sentences after a jury found him guilty of aiding and abetting Mario Weston to commit two bank robberies, in violation of 18 U.S.C. § 2113(a). At trial, Williams testified that, although he drove Weston to the banks, he did not know that Weston intended to, or in fact did, rob the banks until a dye pack exploded in the car as they were about to drive away from the second bank. On appeal, Williams argues that the district court erred by imposing a two-level obstruction-of-justice enhancement pursuant to U.S.S.G. § 3C1.1 for committing perjury at his trial.

"We review for clear error the district court's factual findings necessary for an obstruction of justice enhancement based on perjury and accord great deference to the district court's credibility determinations." United States v. Singh, 291 F.3d 756, 763 (11th Cir. 2002) (citation, ellipsis, and alteration omitted).

Section "3C1.1 provides for a two level enhancement for defendants who willfully obstruct or impede, or attempt to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction." Id. at 762–63 (citation, ellipsis, and alterations omitted); see U.S.S.G. § 3C1.1. The commentary to § 3C1.1 makes clear that the enhancement applies when the defendant commits perjury during his trial. U.S.S.G. § 3C1.1, comment. (n.4(b)). In order for a court to find that a defendant

2

perjured himself: "(1) the testimony must be under oath or affirmation; (2) the testimony must be false; (3) the testimony must be material; and (4) the testimony must be given with the willful intent to provide false testimony and not as a result of a mistake, confusion, or faulty memory." Singh, 291 F.3d at 763 n.4.

In this case, the district court found that Williams committed perjury by deliberately providing untruthful testimony at his trial in an attempt to avoid guilt. Contrary to Williams's argument, the district court did not make this finding merely because the jury returned a guilty verdict after he testified in his own defense. Rather, the court independently found that his testimony was not truthful, emphasizing that: Williams had a prior association with Weston, who had recently been released from prison; when Weston entered the banks, Williams parked in a manner that concealed his car and allowed for a speedy escape; Williams did not stop driving when the dye pack exploded; and Williams was not a naive person in light of his college education and service in the Marine Corps. We further point out that a special agent with the Federal Bureau of Investigation testified at trial that Williams admitted knowing Weston's true purpose and acting as Weston's driver after the first incident. In sum, the district court did not clearly err in finding that Williams committed perjury, and we therefore affirm the court's two-level enhancement and Williams's sentences.

**AFFIRMED.**

3